IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA JONE HOBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 4933 |
| ) | |
| BAYER HEALTHCARE ) | |
| PHARMACEUTICALS, INC.; et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On July 20, 2015 (yesterday) this Court issued a memorandum opinion and order ("Opinion") in this action that voiced a number of criticisms of the Answers (including affirmative defenses ["ADs"]) that had been filed by counsel for two of the six defendants in this action -- Bayer HealthCare Pharmaceuticals, Inc. ("Bayer") and Merck & Co., Inc. ("Merck") -- and that concluded by striking those responsive pleadings in their entirety so that those defense counsel could provide what the Opinion called "a new work product." After the Opinion had been dictated by this Court, then transcribed and self-edited for issuance, this Court learned that three of the remaining four defendants had already filed two lengthy answers, and it then added a brief paragraph dealing with that subject following the Conclusion that had addressed the Bayer-Merck filings.

Now counsel for those three defendants has delivered copies of those other two Answers (including ADs) to this Court. It has gone through one of them in detail (that filed on behalf of Janssen Research & Development, LLC and Janssen Pharmaceuticals, Inc., collectively the "Janssen Defendants") but not through the pleading filed on behalf of Johnson & Johnson (thus

cutting the reviewing chore to 50 rather than 100 pages), and it appears clear that no criticism of the type contained in the Opinion is called for.[1] Instead this opinion deals with the two newly-received responsive pleadings in much more limited terms.

First, given the acknowledged close relationship among the three defendants (each Answer ¶ 2 refers to them jointly as the "Johnson & Johnson Defendants"), a brief explanation by their counsel of the reason for having filed two answers rather than a single collective answer on their behalf would be helpful. In that regard a brief statement as to how the Johnson & Johnson legal position differs from that of the two Janssen Defendants would be particularly useful.

Second, each of the responsive pleadings now under discussion concludes with a set of the same 11 ADs that obviously reflect a good deal more thought than the huge number cobbled together in the Bayer-Merck responsive pleadings that were dealt with in the Opinion. All the same, some comments are in order as to a number of the ADs in that group of 11:

1. ADs 1, 5, 6, 7 and 10 ought to be elaborated on and addressed up front by appropriate motions, because if successful one or more of those ADs could reshape this litigation as to the Johnson & Johnson Defendants materially.

2. If the Johnson & Johnson Defendants really have information as to the possible barring of one or more of the claims by plaintiff Patricia John Hobbs ("Hobbs") under statutes of limitations or repose or both, as AD 2

_____
[1] Counsel for the three defendants, who prepared both of the responsive pleadings referred to here, stated in his forwarding letter that he and his associate had reviewed this Court's opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276 (N.D. Ill. 2001) before filing those responsive pleadings.

suggests "may be" the case, that AD should also be addressed up front. If not, that AD is purely hypothetical or speculative and should be withdrawn or stricken (albeit without prejudice to its possible future assertion).

3. ADs 4, 5 and 6 certainly appear to be at odds with Hobbs' Complaint ¶ 47, thus violating the principles set out in App'x ¶ 5 to State Farm.

4. AD 11, which purports to reserve a right to advance other ADs that "may become available or current during the course of discovery," is really meaningless (as well as unnecessary) as a hedge. It is stricken.

This Court will not set a specific time table for counsel representing the Johnson & Johnson Defendants to address the matters just discussed as to their ADs. Instead counsel are expected to do so at as early a date as possible, so as to facilitate the possible narrowing of the scope of this action as to those defendants.

                                       Milton I. Shadur
                                       Senior United States District Judge

Date: July 21, 2015